IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

AHMED NASIR MUHIDIN,            )
                                )
       Petitioner,              )
                                )
vs.                             )     Case No. 4:13-cv-988-RBP-TMP
                                )
ERIC HOLDER, JR.,               )
ATTORNEY GENERAL, *et al.*,     )
                                )
       Respondents.             )

## **REPORT AND RECOMMENDATION**

In this action for *habeas corpus* relief under 28 U.S.C. § 2241, the petitioner, Ahmed Nasir Muhidin, seeks relief in the form of release pursuant to an order of supervision as he is awaiting deportation. In accordance with the usual practices of this Court and 28 U.S.C. § 636(b)(2), the matter was referred to the undersigned magistrate judge for a preliminary review and recommendation.

On May 24, 2013, the petitioner filed his § 2241 motion seeking release from detention pending his deportation. At the time he filed the instant petition, the petitioner was an immigration detainee incarcerated at the Etowah County Detention Center in Gadsden, Alabama, which is located in the Northern District of Alabama. The Government filed a motion to dismiss this action as moot on October 22, 2013. By order dated October 22, 2013, the parties were notified that the matter would be considered for summary disposition, and the petitioner was notified of the provisions and

consequences of this procedure under Rule 8 of the Rules Governing § 2254 Cases. The copy of the order mailed to petitioner was returned as undeliverable on October 2, 2013, marked "Released."

## MOOTNESS

At the time petitioner filed the § 2241 petition, he was confined at the Etowah County Detention Center in Gadsden, Alabama, as an immigration detainee. In the status report and motion to dismiss the petition as moot filed by the Government, the respondents demonstrated through the declaration of Adam Austin that the petitioner was released pursuant to an order of supervision on October 21, 2013. Accordingly, it appears clear that the petition seeking release pending deportation is moot and is due to be dismissed.

## RECOMMENDATION

Because the issue presented in the instant petition is moot, the magistrate judge RECOMMENDS that the petition for writ of *habeas corpus* be DISMISSED as MOOT.

## NOTICE OF RIGHT TO OBJECT

Any party who objects to this report and recommendation must, within fourteen (14) days of the date on which it is entered, file specific written objections with the clerk of this court. **Any objections to the failure of the magistrate judge to address any contention raised in the petition also must be included.** Failure to do so will bar any later challenge or review of the factual findings **or legal conclusions** of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474

U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S. Ct. 899, 88 L. Ed. 2d 933 (1986); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982) (*en banc*).  In order to challenge the findings of the magistrate judge, a party must file with the clerk of the court written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge shall make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge.  The district judge, however, need conduct a hearing only in his discretion or if required by law, and may consider the record developed before the magistrate judge, making his own determination on the basis of that record.  The district judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Objections not meeting the specificity requirement set out above will not be considered by a district judge.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a district judge.

The Clerk is DIRECTED to mail a copy of this Report and Recommendation to the prisoner.

DATED this 12th day of November, 2013.

T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE